LEWIS *v.* SIMPSON *et ux.*

(Division B.   May 4, 1936.   Suggestion of Error Overruled May 18, 1936.)·

[167 So. 780.   No. 32217.]

Barron C. Ricketts and M. A. Lewis, Jr., both of Jackson, for appellant.

W. H. Cox, of Jackson, for appellees.

126

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Hinds county against appellees on two promissory notes of six hundred dollars each, theretofore executed by ap-

pellees in favor of appellant. Judgment was sought for the principal and accrued interest. Appellees' defense was the one-year statute of limitation provided by chapter 251, Laws 1934. There was no dispute as to the facts. The case was tried, by agreement, before the circuit judge acting as judge and jury, resulting in a judgment sustaining appellees' defense. From that judgment appellant prosecutes this appeal.

In 1926 appellees became indebted to the Penn Mutual Life Insurance Company, and to secure the indebtedness, evidenced by notes, executed a mortgage on property owned by them on Pearl street in the city of Jackson. In 1927 appellees became indebted to appellant, for which they gave their notes secured by a mortgage on the same property. Default having been made in the payment of the Penn Mutual Life Insurance Company indebtedness, their mortgage was foreclosed on the 1st of January, 1934, and the property purchased by the life insurance company. The foreclosure was regular in all respects. At the time of the foreclosure there was a balance due of approximately fourteen thousand dollars; the Penn Mutual Life Insurance Company purchased the property for twelve thousand dollars. More than a year after the foreclosure, and also more than a year after chapter 251, Laws 1934, went into effect, appellant brought this suit against appellees to recover the balance due on her mortgage indebtedness.

The question in the case is whether or not chapter 251 applies to the indebtedness secured by a junior mortgage as well as to the indebtedness secured by a foreclosed senior mortgage? The statute is in this language:

"An Act to fix the period of limitations within which suits may be brought on notes secured by mortgages, trust deeds, or otherwise, where such mortgages have been foreclosed.

"Section 1. Be it enacted by the Legislature of the State of Mississippi, That in all cases, foreclosure of any deed of trust, mortgage, vendor's lien, or other instrument, no suit or action shall hereafter be commenced or brought upon any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes. Provided, further, that no action shall be commenced or brought upon any such note or notes where such security has heretofore been foreclosed, except such action be brought or commenced within one year from the effective date of this act.

"Sec. 2. That this act take effect and be in full force from and after its passage." "Approved April 4, 1934."

Chapter 251, along with the mortgage moratorium statute, chapter 247 of the Laws of 1934, was enacted for the purpose of alleviating to some extent distressed mortgage debtors. The body of the statute, without regard to the title, is ambiguous; it is left uncertain whether the statute applies to deficiency suits by other mortgagees than the foreclosing mortgagee. The outstanding purpose of this legislation, along with chapter 247, was to discourage the foreclosure of mortgages during the depression period. The title to the act clears up the uncertainty in the body thereof; in unmistakable language it plainly names the notes secured by the *foreclosed mortgage*.

Section 71 of the Constitution provides that every bill introduced in the Legislature shall have a title which ought to indicate clearly the subject-matter of the proposed legislation, and that every committee to which a bill is referred shall express, in writing, its judgment of the sufficiency of the title, and that this be done whether

the recommendation be that the bill pass or do not pass. Although the requirement that the title indicate clearly the subject-matter of the proposed legislation is directory and not mandatory, we have the right to indulge the presumption that the Legislature attempts to comply therewith. There are numerous decisions to the effect that although such a constitutional provision does not make the title a part of the act, it may be resorted to as an aid to the ascertainment of the legislative intent and may serve the purpose of relieving any ambiguity in the body of the act. 59 C. J. pp. 1005-1007, and cases in notes.

The foreclosing mortgagee is the one causing the trouble, and it is at him the statute is aimed. To apply the statute to appellant would work in this way: Appellant received nothing by the foreclosure; the proceeds were not sufficient to pay the first mortgage. Appellant therefore is in no better position than an unsecured creditor. Why, in such a case, should an unsecured creditor have the benefit of the six-year statute of limitation, and appellant be bound by the one-year statute?

Reversed, and judgment here for appellant.