COFER, Justice, for the Court:
This case is here from the Chancery Court of Lee County, where the appellees’ plea of a statute of limitations was sustained, and the cause was dismissed as to appellees.
Appellant is The Peoples Bank & Trust Company, and the appellees are Hollis Kinsey and others, stockholders of a corporation. Beginning the manufacturing business, the corporation (Fashions by Wisz, Incorporated), sought and had established for it by appellant a line of credit, by which line of credit, the corporation (Fashions) could borrow from appellant funds in the maximum amount of $300,000, and appel-lees were to become indorsers on notes of Fashions to appellant.
Fashions borrowed $150,000 against this line of credit, on December 19, 1975, and appellees became indorsers on that note which matured June 17, 1976. Another loan was procured, dated January 28, 1976, and due July 27, 1976. Appellees were in-dorsers on the note, and the loan exhausted the limit of the line of credit.
At the maturity of the first of these notes, it was renewed on June 29,1976, by a note in the principal amount of $150,000 to mature on August 28, 1976. Apparently inadvertently, this renewal note was not indorsed by the stockholders, and, when this fact later became known to the bank official in charge of Fashions’ business with the bank, it was arranged that a new note, properly signed, would be made for the entire $300,000, the amount then owed and matured. This was done on August 9,1976, with the same indorsers and with the same collateral therefor as appeared in the notes renewed thereby. It became due, by is terms, on October 8, 1976. The record reflects that no interest was ever paid on the indebtedness evidenced by the notes noticed hereinabove.
On July 30, 1976, Fashions procured another loan from the bank, in the amount of $50,000, evidenced by a note signed by all but one of the individual stockholders, and secured by Fashions’ assignment of two invoices. It became due on October 29, 1976.
Parenthetically here, in addition to other collateral making up that to be used to secure the loans on the line of credit, some effort was made to include items of personal property useful in manufacturing and furnished to Fashions by a defendant, Cutters’ Exchange, Incorporated, and certain leasehold equipment in the building leased to Fashions by defendant, McGraw-Edison, Incorporated. The bank seeks adjudication of their rights and to have awarded to it relief as to them, but those issues and that relief are not involved in this appeal.
In addition thereto, in an entirely different transaction, appellee Kinsey gave certain bonds to the bank to secure a loan by the bank to Kinsey’s employee, which bonds have not been returned by the bank, though the employee’s debt has been paid, the bank claiming them under a clause of a document executed by Kinsey providing that all collateral thereof might be applied by the bank toward any indebtedness of Kinsey to the bank.
Fashions ceased operations. Cutters Exchange, Inc., and McGraw-Edison, Inc. took possession of property to which they claimed they are entitled, and the bank took into its possession a number of sewing machines and a table, given to it as collateral by Fashions on the notes evidencing loans under the line of credit.
By the notes taken by it as noticed here-inabove, the bank took to itself, in case of default, the “remedies of a secured party under the Uniform Commercial Code of Mississippi.” See Mississippi Code Annotated sections 75-9-105(l)(i), 75-9-503, and 75-9-504(3) (1972).
*617 The bank basically sold these items of collateral in three separate transactions, June 13,1977, October 3, 1977, and November 11, 1977. (This last sale may or may not have been contracted for, or made, about August 18, 1977, depending upon the viewpoint of the party, an issue not necessary here to be resolved.) All of these transactions, according to the undisputed proof, were coordinated with, and approved by, the indorsers or their attorney. (It may be concluded here that the parties had not then withdrawn themselves to an arms-length distance from each other, but were working together to salvage as much credit as possible to the parties.)
On August 23, 1978, the bank sued the makers and indorsers on the indebtedness for the principal and interest on the $300,-000 note, for interest on the two $150,000 notes which had accrued prior to their becoming the principal of the $300,000 note, and for accounting and relief against the Cutter’s Exchange, Inc. and McGraw-Edi-son, Inc., defendants.
The individual defendants incorporated in their answer a plea that the suit was barred by Mississippi Code Annotated, section 15-1-23 (1972), not having been brought within a year from foreclosure or sale of the collateral securing the indebtedness.
That statute reads as follows:
In all cases, no suit or action shall hereafter be commenced or brought upon any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes.
We conclude that this suit is not upon an installment note or upon a series of three or more notes. We accordingly, reverse the chancery court decision thereon.
The evidence or evidences of debt sued upon is not or are not an installment note or notes. A more troublesome problem is involved in a consideration of whether a series of notes, three or more in number, is involved.
We have no difficulty in eliminating from consideration here the $50,000 note of July 30, 1976, with a due date of October 29, 1976. It is secured by different collateral, and may not properly be included as one of “a series of notes of three or more,” as in our opinion is contemplated by the statute here under consideration.
The remainder of the indebtedness, other than interest thereon sought, may be traced as follows:
Note for $150,000 dated December 19, 1975, and maturing June 17, 1976;
Note for $150,000 dated January 28,1976, and maturing July 27, 1976;
Note for $150,000 dated June 29, 1976, maturing August 28, 1976; given to renew the December 1975 note;
Note for $300,000 dated August 9, 1976, and maturing October 8, 1976, given in renewal of both the $150,000 notes dated January 28, 1976, and June 29, 1976.
The Uniform Commercial Code does not contain a definition of the words “series of notes,” nor has our attention been drawn to such a definition in the jurisprudence of Mississippi or elsewhere. We must give an appropriate meaning to the use of those words in the statute, and be governed by the fact that they are used. If we found that the statute means the same without them, then we would be amending the statute and ascribing to the Legislature an exercise in futility in limiting or defining the statute by their inclusion.
We believe and hold that the words “series of notes” as employed in this statute, mean multiple notes given in a single transaction and for the same consideration, and without regard to their several maturity dates. Annot., 64 A.L.R. 457 (1929) and the authorities there collated and cited.
It seems logical to conclude that the legislature was considering installment notes [Moon & Sons v. Hood, 244 Miss. 564, 572, 144 So.2d 782, 784 (1962)] and a series of notes wherein provision had been made for payment of a single indebtedness in por *618 tions to be evidenced by several promissory notes [In re Flint, 150 F.2d 126, 32 CCPA 1116 (Court of Customs & Patent Appeals, (1945)], [Funk & Wagnalls New Practical Standard Dictionary (1952), p. 1193, where “series” is defined as being “1. An orderly arrangement of one thing after another; a connected succession of persons, books, objects, observations, etc., on the basis of like relationship. 2. A succession of terms whose values are fixed by a common law, relation or mode of derivation; called in some of the simplest cases a progression. .”] (Emphasis that of the dictionary.)
We do not construe the statute as contemplating a “succession of notes of three or more,” as here involved.
We, therefore, hold as error the sustaining of the plea in bar, and reverse and remand the case for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.