DAN M. LEE, Presiding Justice,
for the Court:
On June 4, 1986, Rankin County Bank filed a complaint in the Chancery Court of Rankin County, Mississippi, against the McKinions seeking a deficiency judgment in the amount of $27,211.52 plus interest and attorney’s fees. The McKinions answered the complaint and affirmatively asserted the defense that the claim was barred by the statute of limitations. On December 8, 1986, after hearing argument on the McKinions’ motion to dismiss based on the pleadings, the chancery court entered an order dismissing the complaint, finding that the statute of limitations barred the bank’s claim. The bank appeals, based on two propositions. We affirm.
FACTS
On January 7, 1982, Cleo and Martha McKinion executed a note, due January 7, 1983, payable to Rankin County Bank in the principle amount of $70,257.47, with an interest rate of 17% per annum. This note was secured by a deed of trust on a commercial building and .63 acres of real property located in Rankin County, and a deed of trust covering a commercial lot located in Rankin County. The actual loan proceeds were $68,650.47 plus a title fee of $20 for a total of $68,630.47. An additional $1,607.00 of credit life insurance was added to the loan proceeds to bring the amount financed to $70,257.47. The note provided that the interest would be paid quarterly, with a 15% principle reduction plus interest paid in July of 1982, with the balance to be paid on or before January 7, 1983. The McKinions failed to pay any part of the note and were in default as of July 1982 and continued to be in default at the time of the foreclosure, February 1983.
On February 17, 1983, the Rankin County Bank foreclosed upon and bought the commercial building and .63 acres of real property at the foreclosure under a power of sale provided in the deed of trust for $42,500, less legal expenses and cost of foreclosure, which amount was applied against the principle amount in default. The bank also foreclosed upon and bought at the foreclosure the commercial lot for the sum of $7,500, less attorney’s fees and cost of foreclosure, which was also applied against the note. After applying the proceeds of the foreclosure sale, there remained a deficiency of $27,211.52, plus attorneys’ fees and interest under the terms of the promissory note.
In December of 1985, the Rankin County Bank sold both properties to a third party for less than it bought the properly at the foreclosure sale. On June 4, 1986, six months after the bank sold the property, the bank filed the complaint in Rankin County Chancery Court, seeking a deficiency judgment of $27,211.52 plus interest and attorney’s fees.
DISCUSSION
I. The Lower Court Erred in Finding that the Promissory Note Upon Which the Appellant’s Complaint was Based was an Installment Note within the Meaning of Miss.Code Ann. § 15-1-23 (1972), Annotated as Amended.
*824 Rankin County Bank first argues that the promissory note was not an installment note as contemplated by Miss.Code Ann. § 15-1-23 (1972), but rather was a time note which falls under Miss.Code Ann. § 15-1-49 (1972). Miss.Code Ann. § 15-1-23 provides:
In all cases, no suit or action shall hereafter be commenced or brought against any installment note, or a series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of foreclosure or sale of the property pledged as security for said note or notes.
Miss.Code Ann. § 15-1-49 provides for a six-year statute of limitations for all actions for which no other period of limitations is prescribed. In making its argument that the six-year statute of limitations applies and not the one-year statute of limitations, the bank relies upon the argument that the promissory note was not an installment note. The bank’s emphasis upon “installment note” is misplaced. The statute’s emphasis is on notes secured by a mortgage or deed of trust which have been foreclosed. Foreclosing on a mortgage triggers the one-year statute of limitations for going into court to seek a deficiency judgment on the underlying note. Looking back at the sources from which this particular statute was adopted points out that the emphasis was on mortgages which had been foreclosed. In Laws 1934, ch. 251, the law was stated thus:
An act to fix the period of. limitation within which suits may be brought on notes secured by mortgages, trust deeds, or otherwise, where such mortgages have been foreclosed.
Section 1. Be it enacted by the Legislature of the State of Mississippi, that in all cases, foreclosure of any deed of trust, mortgage, vendor’s lien, or other instrument, no suit or action shall hereafter be commenced or brought on any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or the sale of the property pledged as security of said note or notes....
In Miss.Code Ann. § 720 (1942), the 1934 version was adopted as follows:
Installment Notes — After Foreclosure of Mortgage. In all cases, foreclosure of any deed of trust, mortgage, vendor’s lien or other instrument, no suit or action shall hereafter be commenced or brought upon any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged to security for said note or notes....
In Lewis v. Simpson, 176 Miss. 123, 167 So. 780 (1936), this Court stated that the purpose of the statute was to discourage foreclosure of mortgages during the Depression, and it is applicable only to a suit on a note secured by mortgage which has been foreclosed. Id. at 129-30, 167 So. at 781. In Guthrie v. The Merchants National Bank, 254 Miss. 532, 180 So.2d 309 (1965), this Court construed § 720 of the 1942 Code as applying to “an action for the balance due under the note [which] had to be brought ... from the date of the sale of the security given under the chattel mortgage.” Id. at 544, 180 So.2d at 315. Other promissory notes which are to be paid in installments but which are not secured by mortgages which have been foreclosed have been considered by this Court to fall under the six-year statute of limitation which begins to run as to each installment from the time that it falls due. See Freeman v. Truitt, 238 Miss. 623, 119 So.2d 765 (1960). The import of the § 15-1-23 language, “upon any installment note, or a series of notes of three or more, whether due or not,” is that the one-year statute of limitation begins to run after the foreclosure and not upon the due date of any *825 portion of a note or the due date of any note of a series of three or more. In Peoples Bank and Trust Co. v. Kinsey, 385 So.2d 615 (Miss.1980), this Court construed the language, “a series of notes,” in § 15-1-23, to mean that “provision had been made for payment of a single indebtedness in portions to be evidenced by single promissory notes.” Id. at 617-18. The Kinsey opinion also stated that the Legislature was considering installment notes to mean “a portion of a debt or sum of money which is divided into portions that are made payable at different times [Moon & Sons v. Hood, 244 Miss. 564, 572, 144 So.2d 782, 784 (1962)].” Kinsey, 385 So.2d at 617.
It seems, then, that in the present case the McKinion note falls within § 15-1-23 by virtue of the fact that the note was secured by a mortgage which was foreclosed and the note was payable at different times — interest due quarterly and 15% of the principle plus interest due semi-annually. The chancellor was not manifestly wrong in applying § 15-1-23 to this note. Therefore, this assignment of error is without merit.
II. The Lower Court Erred in Finding that Appellant’s Complaint was Barred by the One-Year Statute of Limitations Found in Miss.Code Ann. § 15-1-23 (1972) and thereby Dismissing Appellant’s Complaint Pursuant to the M.R.C.P. Rule 12(b)(6).
The bank argues alternatively that even if the one-year statute of limitations applies, it did not begin to run until after the bank sold the foreclosed property, which it bought at foreclosure, to a third party; otherwise, the argument continues, the bank would not know exactly how much of a deficiency judgment to sue for. The bank cites Mississippi Valley Title Insurance Co. v. Horne Construction Co., Inc., 372 So.2d 1270 (Miss.1979), for the proposition that a mortgagee has no right to a deficiency judgment until it has been shown that it would be equitable under the circumstances of the case to grant one. Id. at 1272. Part of the “equitable” consideration is the sum which the mortgagee has been able to collect out of the land. Id. The mortgagee, however, must also show that the value of the property obtained at foreclosure is insufficient to satisfy the indebtedness. Lake Hillsdale Estates, Inc. v. Galloway, 473 So.2d 461, 466 (Miss.1985). The bank in this case offers the argument that it would be inequitable for it to seek a deficiency judgment until it had tried to sell the property to a third party for more than the bank was able to recover for itself at foreclosure.
As the McKinions point out, neither Mississippi Valley Title Ins. Co. nor Lake Hillsdale Estates had anything to do with the statute of limitations or sales to third parties after foreclosure. We further note that foreclosure sale of the McKinion property was held under a power of sale agreement under the deed of trust rather than as a judicial foreclosure, and was governed by the provisions of the deed of trust and Miss.Code Ann. § 89-1-55 (Cumm.Supp. 1987). Judicial foreclosure sales are governed by the provisions of Article 4, Section 111, of the Mississippi Constitution and Miss.Code Ann. § 11-5-87, et seq. (Cumm. Supp.1987). In particular, § 11-5-111 provides for a decree for the balance after the sale of the property. That decree comes, if at all, as part of the entire judicial proceedings encompassing the sale of the property. While we do not here pass on the question of whether or not Miss.Code Ann. § 15-1-23 applies in the context of a judicial foreclosure, it is clear that it applies to foreclosure sales on property pledged as security for installment notes or a series of three or more notes where the property is sold under power of sale provisions and the mortgagee then goes to court for a deficiency judgment; the mortgagee has one year after the date of foreclosure to file for a deficiency judgment.
The bank should have brought its action for deficiency judgment no later than one year after February 17,1983. Suit was not commenced until June of 1986. Under Miss.Code Ann. § 15-1-3 (1972):
The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy. However, the formal legal obligation shall be a sufficient consideration to uphold a new promise based thereon.
*826 Once the statute of limitations has run, the right as well as the remedy is barred. See, e.g., Hawkins v. Southern Pipe and Supply Co., 259 So.2d 696 (Miss.1962); Temples v. First National Bank of Laurel, 239 Miss. 446, 123 So.2d 852, 125 So.2d 543 (I960); Perkins v. White, 208 Miss. 157, 43 So.2d 897 (1950); Musser v. First National Bank of Corinth, 165 Miss. 873, 147 So. 783 (1933). Therefore, after the statute of limitations had run, Rankin County Bank no longer had the right or the remedy of a deficiency judgment. Put basically, the bank chose its remedy as to any deficiency by foreclosing upon the real estate securing the underlying note and failing to file suit for the deficiency within one year thereafter as provided by § 15-1-23, Miss. Code Ann. (1972). This assignment of error is without merit.
CONCLUSION
Finding no error, we affirm the decree of the Chancery Court of Rankin County, Mississippi, dated December 16, 1986, dismissing the complaint by the appellant.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.