CHANDLER, J., for the Court:
¶ 1. This appeal requires our determination of the statute of limitations applicable to a promissory note. We find that the six-year limitations period prescribed by Mississippi Code Annotated section 75-3-118(a) (Rev.2002) applies. Therefore, we affirm the judgment of the circuit court to that effect.
FACTS
¶2. On April 15, 2005, BancorpSouth Bank (BancorpSouth) filed suit against Kirby Jordan in the County Court of Lee County to recover funds due under a promissory note. BancorpSouth asserted that the unpaid funds due under the note amounted to $4,745.85. The note was signed by Jordan and dated September 7, 1999. In the note, Jordan promised to pay BancorpSouth the sum of $3,422.78 plus interest in installments of thirty-five dollars per month beginning on September 25, 1999. The note also contained a provision for Jordan to pay any reasonable attorney’s fees incurred by BancorpSouth in an effort to collect under the note.
¶ 3. Jordan, pro se, moved to dismiss the complaint on the basis of the expiration of the statute of limitations. Jordan alleged that the applicable statute of limitations was Mississippi Code Annotated section 15-1-49 (Rev.2003), which provides a three-year limitations period for all actions for which no limitations period is prescribed. He contended that the action was untimely because it was filed outside the three-year period. BancorpSouth argued that the action was timely because the applicable limitations period was six years as prescribed by section 75-3-118(a).
¶ 4. At a hearing, BancorpSouth indicated that Jordan had made one payment on the note. The parties stipulated that, if the statute of limitations defense failed, then BancorpSouth was entitled to a judgment in the amount evidenced by the note, minus the single payment, plus reasonable attorney’s fees. The county court held that section 75-3-118(a) applied to the action to collect under the promissory note and entered summary judgment for Ban-corpSouth in the amount of $3,387.78 with eight percent interest after October 25, 1999, attorney’s fees in the amount of $1,133.33, and court costs. Jordan appealed to the circuit court, which affirmed the judgment of the county court.
LAW AND ANALYSIS
I. WHAT STATUTE OF LIMITATIONS APPLIED TO THE ACTION TO ENFORCE THE PROMISSORY NOTE?
¶ 5. The lower court’s determination of the applicable statute of limitations presents a question of law; thus, it is reviewed de novo. Jackpot Miss. Riverboat Inc. v. Smith, 874 So.2d 959, 960(¶ 4) (Miss.2004). Jordan contends that section 75-3-118(a) is inapplicable to BancorpSouth’s action to enforce the promissory note and, therefore, the general three-year limitations period at section 15-1-49 applies. While the general three-year limitations period does apply to an action in the absence of a specific controlling statute of limitations, in this case we find that section 75-3-118(a) governs the action. Section 75-3-118(a) states, in pertinent part:
[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date.
Section 75-3-118(a) is contained within the Uniform Commercial Code — Negotiable Instruments. Miss.Code Ann. § 75-3-101 (Rev.2002).
*1207 ¶ 6. Jordan argues that section 75-3-118(a) is inapplicable to the action because the promissory note was an instrument, not a “note payable.” This argument is without merit. We find that section 75-3-118(a) is applicable to a promissory note that is payable at a definite time and is otherwise subject to Title 75, Chapter 3. See Miss.Code Ann. 75-3-104 (Rev.2002) (containing the definition of “negotiable instrument”). In the courts below, it was undisputed that the promissory note was a negotiable instrument and, therefore, was subject to Title 75, Chapter 3. Section 75-3-103(a)(9) provides that a “promise” is a written undertaking to pay money signed by the person undertaking to pay. According to section 75-3-108(b), a promise is “ ‘payable at a definite time’ if it is payable ... at a fixed date or dates.... ” Section 75-3-104(e) states that an instrument is a note if it is a promise. Because a promise is a note under the Title 75, Chapter 3, the reference in section 75-3-118(a) to “a note payable at a definite time” is to a promise payable at a definite time, in other words, a promissory note. Section 75-3-118(a) contained the applicable statute of limitations of six years.
¶ 7. Jordan further argues that the cases of EB, Inc. v. Smith, 757 So.2d 1017 (Miss.App.2000), and Ezell v. Williams, 724 So.2d 396 (Miss.1998), stand for the proposition that section 15-1-49 applies to an action to enforce an obligation due under a promissory note. However, in those cases, the promissory notes at issue were made and came due prior to the effective date of section 75-3-118 on January 1, 1993. EB, Inc., 757 So.2d at 1019(¶ 2); Ezell, 724 So.2d at 397(¶ 2). Therefore, these cases are of no assistance to Jordan. The six-year limitations period in section 75-3-118(a) applied and BancorpSouth’s action was timely commenced. Therefore, we affirm the judgment of the circuit court.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. BARNES, J., NOT PARTICIPATING.