# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CP-01028-SCT

*BRENT HUBBARD a/k/a BRENT P. HUBBARD*
*AND AMY HUBBARD a/k/a AMY C. HUBBARD*

*v.*

*BANCORPSOUTH BANK*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2013 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| TRIAL COURT ATTORNEYS: | GARY P. SNYDER |
| | BRENT HUBBARD (PRO SE) |
| | AMY HUBBARD (PRO SE) |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BRENT HUBBARD (PRO SE) |
| | AMY HUBBARD (PRO SE) |
| ATTORNEYS FOR APPELLEE: | KAYTIE MICHELLE PICKETT |
| | GARY P. SNYDER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 04/10/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.    This is an appeal from the DeSoto County Circuit Court's grant of judgment on the pleadings in favor of BancorpSouth Bank. In 2010, the residence of Brent and Amy Hubbard secured a note and deed of trust held by Trustmark National Bank. Additionally, the Hubbards obtained a second loan, which was secured by a note and second deed of trust held by BancorpSouth on the same residence. In 2011, Trustmark foreclosed on the first deed of trust and sold the property. More than a year later, BancorpSouth sued the Hubbards in the

DeSoto County Circuit Court for money due under the second note. The Hubbards admitted they were in default, but asserted as an affirmative defense that BancorpSouth's claim was time barred under the one-year statute of limitations prescribed in Mississippi Code Section 15-1-23. After a hearing on the motion, the circuit court found Section 15-1-23 inapplicable and ruled instead that Mississippi Code Section 15-1-49 provides the proper limitations period (three years). The circuit court entered judgment in favor of BancorpSouth. On appeal, the Hubbards argue that the circuit court committed reversible error in granting BancorpSouth's judgment on the pleadings because the action was barred by the one-year statute of limitations prescribed by Section 15-1-23.

¶2.     We affirm the circuit court's grant of judgment on the pleadings. However, the three-year statute of limitations provided under Section 15-1-49 is inapplicable in this case. The circuit court reached the right result, but for the wrong reason. The proper limitations period for suits on promissory notes for nonforeclosing lenders is Mississippi Code Section 75-3-118, which provides a six-year statute of limitations, rather than the three-year statute of limitations set forth in Section 15-1-49.

## FACTS AND PROCEDURAL HISTORY

¶3.     On an unknown date, the Hubbards obtained a home loan from Trustmark. The Hubbards secured the note with a deed of trust on their residence. The Hubbards defaulted in the payment of their loan, and on April 7, 2011, Trustmark foreclosed on the property. On May 19, 2011, Trustmark sold the property.

¶4.     On October 6, 2010, before foreclosure, the Hubbards had obtained a second loan from BancorpSouth secured by a second deed of trust on the residence. The note was in the

2

amount of $39,641.79, with an interest rate of 5.00% per annum. The note was payable in sixty payments, due on the 26th of each month beginning October 26, 2010, with the final payment of remaining principal and interest due on September 26, 2015. The Hubbards defaulted on their obligations under this note by failing to make scheduled payments when due.

¶5.     On February 5, 2013, BancorpSouth sued the Hubbards in DeSoto County Circuit Court for $42,110.09 due under the note, plus attorneys' fees, costs, and interest. The action was brought twenty-one months after Trustmark had foreclosed on the property secured by BancorpSouth's note. The Hubbards, proceeding *pro se*, timely answered and admitted they were in default. As an affirmative defense, the Hubbards asserted that the claim was time barred under the one-year statute of limitations provided in Mississippi Code Section 15-1-23. BancorpSouth moved for judgment on the pleadings on April 3, 2013. The Hubbards opposed the motion. After a hearing on the motion, the circuit court entered judgment in favor of BancorpSouth. The circuit court found Section 15-1-23 inapplicable and held instead that the three-year statute of limitations provided by Section 15-1-49 was  controlling. The Hubbards timely perfected their appeal.

## STANDARD OF REVIEW

¶6.     A judgment on the pleadings raises an issue of law, and this Court conducts *de novo* review. *R.J. Reynolds Tobacco Co. v. King*, 921 So. 2d 268, 270 (Miss. 2005).

## ANALYSIS

¶7.     The issue on appeal is whether BancorpSouth's action was governed by the one-year statute of limitations set forth in Section 15-1-23, the three-year limitations period prescribed

by Section 15-1-49, or the six-year limitations period provided by Section 75-3-118. The circuit court applied Section 15-1-49, a catchall provision appropriate only if no other statute of limitations governs. The Hubbards argue that the one-year statute of limitations provided under Section 15-1-23 is controlling. Conversely, BancorpSouth argues that the appropriate statute of limitations is six years pursuant to Section 75-3-118.

¶8.     The Hubbards and BancorpSouth are correct in their contentions that Sections 15-1-23 and 75-3-118 have application in actions on unpaid promissory notes. Thus, the trial court's application of the three-year catchall statute of limitations was error. An analysis of the relevant statutes provides guidance.

### 1. Application of Section 15-1-49

¶9.     The Hubbards and BancorpSouth agree that the circuit court mistakenly held that the three-year statute of limitations defined by Section 15-1-49 controls this case. It is clear from the plain language of Section 15-1-49 that it does not apply in this case. Section 15-1-49 states in relevant part:

> (1) All actions *for which no other period of limitation is prescribed* shall be commenced within three (3) years next after the cause of such action accrued, and not after.

Miss. Code Ann. § 15-1-49 (Rev. 2012) (emphasis added). In this case, other statutes of limitations are prescribed for unpaid promissory notes, specifically Sections 15-1-23 and 75-3-118, and these are the controlling statutes. The question of which statute is appropriate for the present case remains.

### 2. Application of Section 15-1-23

4

¶10. The court below correctly found that Section 15-1-23 does not bar BancorpSouth's suit. Section 15-1-23 states:

> In all cases, no suit or action shall hereafter be commenced or brought upon any installment note, or series of notes of three or more, whether due or not, where said note or notes are secured by mortgage, deed of trust, or otherwise, upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes.

Miss. Code Ann. § 15-1-23 (Rev. 2012). The Hubbards argue that, after the foreclosure on the first deed of trust, the one-year statute of limitations began to run against BancorpSouth on the second deed of trust. However, this Court has held that Section 15-1-23 applies only to the foreclosing lienholder. *See Lewis v. Simpson*, 176 Miss. 123, 167 So. 780 (1936).

¶11. In *Lewis*, the defendants executed a note that was secured by a mortgage on their property. **Id.** Later, the defendants obtained a second loan on the same property. **Id.** The defendants subsequently defaulted on both notes. **Id.** at 780-81. The first lender foreclosed and sold the property. **Id.** at 781. More than a year later, the second lender sued on its note, which was secured by the second mortgage. **Id.** The defendants argued the second lender's suit was time barred by the one-year statute of limitations provided by Chapter 251, Laws of 1934 (codified today as Mississippi Code Section 15-1-23). **Id.** The question presented to the Court was whether the one-year statute of limitations in Chapter 251 applied to both the first and second mortgages. **Id.**

¶12. In *Lewis*, this Court looked first to the statutory language of Chapter 251 to determine whether the second lender's action was time barred. **Id.** The statute provided:

> [N]o suit or action shall hereafter be commenced or brought upon any installment note . . . whether due or not, where said note or notes are secured

5

by mortgage, deed of trust, or otherwise upon any property, real or personal, unless the same is commenced or brought within one year from the date of the foreclosure or sale of property pledged as security for said note or notes . . . .

*Id.* (quoting Ch. 251, Laws of 1934). The Court found this language ambiguous as to whether it applied to suits on notes held by nonforeclosing lenders. *Id.* The Court, therefore, looked to the title to determine the statute's application because "Section 71 of the Constitution provides that every bill introduced into the Legislature shall have a title which ought to indicate clearly the subject-matter of the proposed legislation . . . ." *Id.* The title of the act is: "An Act to fix the period of limitation within which suits may be brought on notes secured by mortgages, trust deeds, or otherwise, where such mortgages have been foreclosed." *Id.* The Court found the words "where such mortgages have been foreclosed" to mean that actions by the foreclosing party must be brought within one year of foreclosure. *Id.* at 781. The second lender was not the foreclosing party. *Id.* Accordingly, the Court held the action was not time barred under the one-year statute of limitations. *Id.* Further, to support its holding, the Court stated:

> The foreclosing mortgagee is the one causing the trouble, and it is at him the statute is aimed. To apply the statute to [the second lender] would work in this way: [Second lender] received nothing by the foreclosure; the proceeds were not sufficient to pay the first mortgage. [Second lender] therefore is in no better position than an unsecured creditor. Why, in such a case, should an unsecured creditor have the benefit of the six-year statute of limitation, and [second lender] be bound by the one-year statute?

*Id.*

¶13. Although this case is nearly identical to *Lewis*, the Hubbards argue it is no longer good law because the Legislature removed the language of Chapter 251 when the statute was codified into the Mississippi Code. The Hubbards assert that the codification broadened the

6

statute's application to all cases where *any* note is secured by foreclosed property. According to the Hubbards' argument, the one-year limitations period in Section 15-1-23 applies to the second note BancorpSouth held on the foreclosed property.

¶14.    BancorpSouth argues to the contrary. Although Chapter 251 has been codified, the act's title and its language have not changed. A review of the act's legislative history reveals that it has not been amended since it was adopted in 1934. The codification simply changed the statute's caption when it was included in the Mississippi Code. In the Code, the caption of the codified statute differs from the act's title. BancorpSouth contends the difference does not matter because the statute's caption is not part of the law, and to the extent the caption differs from the act's title, the title controls. Miss. Code Ann. §§ 1-3-81(2), 1-1-109 (Rev. 2005).

¶15.    The caption is not part of the law; therefore, the caption changes that occurred with codification have no effect on the statute's title or substantive language upon which this Court relied in *Lewis*. Thus, consistent with *Lewis*, the one-year statute of limitations applies only to actions brought by the foreclosing party. BancorpSouth was not the foreclosing party and, thus, its suit is not time barred by Section 15-1-23. Accordingly, as this Court held in *Lewis*, Section 15-1-23 does not apply to actions brought by nonforeclosing parties. Further, this Court's reasoning in *Lewis* squarely applies in this case. Trustmark and BancorpSouth each held a lien on the Hubbards' property. Trustmark foreclosed on the property, and BancorpSouth presumably received nothing from that foreclosure. When Trustmark foreclosed and sold the Hubbards' property, it eliminated the collateral that had secured BancorpSouth's loan to the Hubbards. In effect, BancorpSouth was transformed from a

7

secured creditor to an unsecured creditor. Therefore, BancorpSouth sued to recover the money due under its promissory note as an unsecured creditor, and the statute of limitations for suits by unsecured creditors on promissory notes should apply. When the Hubbards' property was sold, BancorpSouth was essentially in the same position as an unsecured creditor. Accordingly, we find that BancorpSouth is not bound by the stringent one-year statute of limitations.

### 3. Application of Section 75-3-118

¶16. The circuit court committed an inconsequential error when it held that Section 15-1-49 applied in this case, because BancorpSouth's action was timely commenced, regardless of whether we apply the three-year statute of limitations in Section 15-1-49 or the six-year statute of limitations in Section 75-3-118. Despite the circuit court's error in applying Section 15-1-49 rather than Section 75-3-118, BancorpSouth was entitled to judgment on the pleadings. The one-year statute of limitations in Section 15-1-23 applies to foreclosure actions and does not bar BancorpSouth's suit to recover funds due under the promissory note. *See* Miss. Code Ann. § 15-1-23 (Rev. 2012). The appropriate statute of limitations for actions on promissory notes by a nonforeclosing party is six years, pursuant to Section 75-3-118. Section 75-3-118 states in pertinent part:

> (a) [A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date.

Miss. Code Ann. § 75-3-118 (Rev. 2012).

8

¶17.  Moreover, the Mississippi Court of Appeals has correctly held that the six-year statute of limitations, rather than the three-year statute of limitations in Section 15-1-49, applies to suits on unpaid promissory notes. *Jordan v. BancorpSouth Bank*, 964 So. 2d 1205, 1206 (Miss. Ct. App. 2007). In *Jordan*, BancorpSouth Bank filed suit against the defendant to recover funds due under a promissory note. *Id.* The defendant moved to dismiss, arguing the suit was time barred under Section 15-1-49. *Id.* The defendant also argued that Section 75-3-118 was inapplicable because the promissory note was an instrument, not a note payable. *Id.* at 1207. The court found those arguments to be without merit and held suits on unpaid promissory notes are controlled by Section 75-3-118 rather than Section 15-1-49. *Id.*

¶18.  In this case, BancorpSouth timely sued to recover funds due under a promissory note. BancorpSouth's suit is factually similar to the suit in *Jordan*; thus, the six-year limitations period in Section 75-3-118 applies. The lower court committed harmless error in holding the three-year statute of limitations prescribed in Section 15-1-49 controlled, because BancorpSouth filed suit within that period. Accordingly, in affirming that court's decision, we clarify that the more specific six-year statute of limitations under Section 75-3-118 applies in the present case.

**CONCLUSION**

¶19.  The DeSoto County Circuit Court mistakenly held the Section 15-1-49 three-year statute of limitations period applies in this case. The appropriate statute of limitations on actions for unpaid promissory notes brought by *non-foreclosing* lenders is six years, pursuant to Section 75-3-118, as held in *Jordan*. The one-year statute of limitations provided in Section 15-1-23 applies to actions brought on promissory notes by *foreclosing* lenders, as this Court

held in *Lewis*. BancorpSouth did not foreclose on the property; rather, it filed suit to enforce payment on a promissory note. Thus, Section 75-3-118 is the appropriate statute. We affirm the DeSoto County Circuit Court's decision to grant judgment on the pleadings, but clarify that Section 75-3-118, rather than Sections 15-1-23 or 15-1-49, applies to actions brought by nonforeclosing lenders.

¶20. **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, KING AND COLEMAN, JJ., CONCUR. PIERCE, J., NOT PARTICIPATING.**