LEE, C.J.,
for the Court:
¶ 1. This appeal arises from a claim brought under the Fair Labor Standards Act (FLSA). In this appeal, we must examine the appropriateness of a counterclaim to an FLSA action, as well as the waiver of an affirmative defense.
FACTS AND PROCEDURAL HISTORY
¶2. On August 8, 2006, Christy Good filed a complaint against Health Care Medical Inc. and Valerie Harden Tolley (collectively referred to as HCM) alleging claims for breach of contract, conversion, intentional infliction of emotional distress, and violations of the FLSA. In the complaint, Good averred that HCM failed to pay her minimum wages or overtime as mandated by the FLSA. On October 18, 2006, HCM filed its answer and defenses. HCM did not raise any affirmative defenses under the FLSA. The scheduling order mandated that discovery was to be completed on or before December 1, 2009, and all motions were to be filed by January 4, 2010.
¶ 3. On November 13, 2009, HCM filed a motion to amend its answer to include a counterclaim for misrepresentation and fraud. At a hearing in August 23, 2010, the trial court stated that it would allow the amendment. But no order allowing the amendment was ever entered. On May 11, 2012, HCM filed a motion to enter an order nunc pro tunc granting leave to file its amended answer and counterclaim. At the June 25, 2012 hearing on the matter, the trial court refused to sign the nunc pro tunc order but did allow HCM to file an amended answer. HCM filed its amended answer and counterclaim on July 6, 2012. Good moved to dismiss the counterclaims on July 26, 2012.
¶4. HCM moved for partial summary judgment on October 3, 2012, as to liability on Good’s claim for violation of the FLSA. In Good’s response, she noted that all exemptions under the FLSA are affirmative defenses and that HCM had failed to raise any affirmative defenses regarding the FLSA, thus waiving them.
¶ 5. On November 27, 2012, HCM moved to amend its amended answer and counterclaim to include the affirmative defense that the protections of the FLSA did not apply to Good as an outside sales representative. The trial court heard Good’s motion to dismiss and HCM’s motion for partial summary judgment and motion to amend its answer and counterclaim to include an affirmative defense on February 20, 2013. At the hearing, the trial court denied HCM’s motion to amend and motion for partial summary judgment and granted Good’s motion to dismiss. On March 12, 2013, the trial court entered orders reflecting these rulings and certified the dismissal as a final judgment under Mississippi Rule of Civil Procedure 54(b).
¶ 6. HCM now appeals, arguing the trial court erred by: (1) granting Good’s motion to dismiss HCM’s counterclaim, (2) denying HCM’s motion for leave to amend to include an affirmative defense, and (3) denying HCM’s motion for summary judgment.
DISCUSSION
I. COUNTERCLAIM
¶ 7. HCM contends that under Mississippi Rule of Civil Procedure 15(c), the trial court erred in granting Good’s motion to dismiss HCM’s counterclaim. When considering a motion to dismiss, this Court applies a de novo standard of review. Storey v. Williamson, 101 So.3d 662, 665 (¶ 10) (Miss.Ct.App.2012). When *586 the trial court considers a motion to dismiss, it must take the complaint’s allegations as true, and should deny the motion “unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. (internal quotations omitted). On appeal, we will not disturb the trial court’s findings unless they are manifestly wrong or clearly erroneous or the trial court applied the wrong legal standard. Lampkin v. Thrash, 81 So.3d 1193, 1196 (¶7) (Miss.Ct.App.2012).
¶ 8. The trial court stated in its order that it dismissed HCM’s counterclaim for all the reasons Good asserted in her motion and reply. In her motion, Good asserted: (1) set-offs and counterclaims are improper for FLSA claims and (2) the three-year statute of limitations for claims of fraudulent representation and detrimental reliance had passed.
¶ 9. In Gagnon v. United Technisource, Inc., 607 F.3d 1036 (5th Cir.2010), the Fifth Circuit Court of Appeals addressed the issue of counterclaims in a FLSA case. The court held:
[0]ur precedent suggests that such claims should not be addressed in a[n] FLSA action. See Brennan v. Heard, 491 F.2d 1, 4 (5th Cir.1974), rev’d on other grounds, McLaughlin v. Richland Shóe Co., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA “is to assure to the employees of a covered company a minimum level of wages” and holding that “arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.”).
Id. at 1042 (citations omitted). While the FLSA does not permit counterclaims, the court has found one exception where counterclaims are permissible — when the employer prepaid wages to the employee plaintiff. See Martin v. Pepsi Ams. Inc., 628 F.3d 736, 742 (5th Cir.2010). That exception is not present here. HCM’s counterclaim cannot be brought in an FLSA action; therefore, the motion to dismiss was properly granted. This issue is without merit.
II. AFFIRMATIVE DEFENSE
¶ 10. HCM asserts that the trial court erred in dismissing its motion to amend the answer and counterclaim to include an affirmative defense.
¶ 11. This Court reviews the trial court’s decision to grant or deny a motion to amend a pleading for abuse of discretion. Hutzel v. City of Jackson, 33 So.3d 1116, 1119 (¶ 10) (Miss.2010).
¶ 12. Mississippi Rule of Civil Procedure 8(c) mandates that “[i]n pleading to a preceding pleading, a party shall set forth affirmatively” certain specifically listed defenses as well as “any other matter constituting an avoidance or affirmative defense.” “Generally, if the defense is not specifically pleaded in the original answer, the defense is deemed waived.” Knight Prop., Inc. v. State Bank & Trust Co., 77 So.3d 491, 494 (¶ 10) (Miss.Ct.App.2011) (citing Hutzel, 33 So.3d at 1119 (¶ 12)). See also Charlot v. Henry, 45 So.3d 1237, 1246 (¶ 29) (Miss.Ct.App.2010). Even in cases where the affirmative defense would terminate the action, “[o]rdinarily, delay coupled with active participation in a law suit serves to waive affirmative defenses[.]” Price v. Clark, 21 So.3d 509, 524 (¶ 39) (Miss.2009) (citing MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180 (¶ 44) (Miss.2006)).
¶ 13. HCM filed its first answer on October 18, 2006. Over three years later on November 13, 2009, HCM sought to amend its answer to include — not an affirmative defense — but a counterclaim. And *587 it was not until almost three years later on July 6, 2012, that HCM actually filed its amended answer including its counterclaim. HCM did not attempt to amend its answer to include an affirmative defense until November 27, 2012, over six years after it filed its original answer. Further, HCM gave no explanation for the delay in asserting the affirmative defense. Therefore, the trial court did not abuse its discretion in denying HCM’s motion to amend. This issue is without merit.
III. SUMMARY JUDGMENT
¶ 14. HCM argues that the trial court erred in denying its motion for partial summary judgment seeking to dismiss Good’s overtime claim under the FLSA.
¶ 15. HCM’s motion was based on the affirmative defense it sought to include in its motion to amend. The trial court denied HCM’s motion for partial summary judgment because HCM had not pleaded the affirmative defense as required by Rule 8(c). Because this Court has found no error in the denial of HCM’s motion to amend, we find no error in the denial of HCM’s motion for partial summary judgment. This issue is without merit.
¶ 16. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.